IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BIG SUR GROUP, INC.,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) )   CASE NO.: _____ |
| **(1) WTX CIRCUIT BREAKER AND TRANSFORMER LLC, AND** **(2) DILLION THOMPSON,** | ) ) )   **JURY TRIAL DEMANDED** )   **ATTORNEY LIEN CLAIMED** ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW**, Plaintiff, Big Sur Group, Inc. ("Big Sur"), by and through legal counsel of record, Stone Law Firm, and for cause of action against Defendants, states and alleges the following:

## PARTIES

**1.** Plaintiff, Big Sur Group, Inc. ("Big Sur") is a Domestic For Profit Business Corporation registered with the Oklahoma Secretary of State and licensed to conduct business in the State of Oklahoma. The President and Corporate Representative of Plaintiff is Eugene Tatarchenko and service of process and pleadings may be served thereon through legal counsel of record.

**2.** Defendant, WTX Circuit Breaker and Transformer, LLC, sometimes advertised and/or identified as "West Texas Circuit Breaker" (hereinafter "WTX Circuit Breaker") is a State of Wyoming Limited Liability Company with a mailing address and principal office address of 1309 Coffeen Avenue, Suite 16817, Sheridan, Wyoming, 82801, according to the Secretary of State for the State of Wyoming.

**3.** The Registered Agent for Defendant WTX Circuit Breaker is Cloud Peak Law, LLC, located at 1095 Sugar View Drive, Suite 500, Sheridan, Wyoming, 82801, according to the Secretary of State for the State of Wyoming.

4. The organizer of Defendant WTX Circuit Breaker is Wyoming attorney Andrew Pierce with a business address of 1095 Sugar View Drive, Suite 500, Sheridan, Wyoming, 82801, according to the Secretary of State for the State of Wyoming.

5. The business of Defendant WTX Circuit Breaker includes the interstate commercial sale of electronic equipment, including circuit breakers and electrical disconnects, throughout the United States, including in the State of Oklahoma.

6. Defendant, Dillion Thompson, is the owner, operator, and primary sales representative for Defendant WTX Circuit Breaker and is available for individual service of process at his primary place of business located at 4416 Briarwood Avenue, Suite 110, Midland, Texas, 79707.

## **JURISDICTION / VENUE**

7. All factual matters, legal claims, and allegations in controversy arise from events and circumstances which primarily occurred in El Reno, Canadian County, State of Oklahoma; however, no plaintiff herein shares state citizenship or domicile with any defendant herein, there is complete diversity of citizenship per 28 U.S.C. §1332, and the amount in controversy is in excess of $75,000.00.

8. Pursuant to 28 U.S.C. §1332, the United States District Court for the Western District of Oklahoma is authorized to hear civil actions between specified diverse parties where the factual matters, legal claims, and allegations in controversy arise from events and circumstances which occurred in Canadian County, State of Oklahoma, and where the jurisdictional amount in controversy is in excess of $75,000.00.

9. The most appropriate Jurisdiction and Venue for adjudication over the matters at controversy herein is the United States District Court for the Western District of Oklahoma.

**FACTS COMMON TO ALL CLAIMS**

10. Plaintiff, Big Sur, is in the business of developing infrastructure and operating data centers for the mining of cryptocurrency; an endeavor that requires specialized and expensive computer equipment, including certain electrical disconnects which are critical to the maintenance and preservation of that computer and electronic equipment.

11. Defendants WTX Circuit Breaker and Dillion Thompson are in the business of interstate commercial sales of electronic equipment, including the type of electrical disconnects critical to the business operated by Plaintiff.

12. In August, 2025, Plaintiff ordered from Defendants two (2) pallets of Schneider Electric Heavy-Duty Fusible Safety Switches ("Safety Switches") with detailed specifications for industrial electrical applications. The Safety Switches are designed for service entrances in mines, commercial buildings, manufacturing or industrial sites, and healthcare facilities.

13. On or about August 13, 2025, Plaintiff received Invoice #7614434 from Defendants which required advance payment for the Safety Switches, and which specifically included "Wire Transfer Only" instructions to an account with Thread Bank registered in the name of WTX Circuit Breaker and Transformer, LLC.

14. On August 15, 2025, Plaintiff, through its bank, Mercury Bank (Choice Financial), wired the full amount of Invoice #7614434 to Defendants' Bank, Thread Bank, as payment for the Safety Switches.

15. Defendant, Dillion Thompson, withdrew the full amount of Invoice #7614434.

16. Although he received payment in full for Invoice #7614434, Defendant, Dillion Thompson, never shipped the Safety Switches to Plaintiff.

17. Instead, when Plaintiff requested confirmation that the Safety Switches had been shipped, Defendant, Dillion Thompson, falsely claimed to have made the shipment on August 19, 2025, and then provided Plaintiff with a fraudulent and forged Bill of Lading from AAA Cooper with a tracking number unrecognized by AAA Cooper.

18. Plaintiff, after not receiving the shipment, and after confirming that the tracking number in the Bill of Lading was false, demanded that Defendant, Dillion Thompson, wire a refund back to Plaintiff for the payment on Invoice #7614434.

19. Defendant, Dillion Thompson, agreed to the refund by SMS text message; however, no refund was ever ordered. Instead, Defendant, Dillion Thompson, created and sent to Plaintiff a fraudulent and forged Automated Clearing House (ACH) refund confirmation screenshot from his phone claiming that the funds had been returned to Plaintiff's Bank Account.

20. Plaintiff's Bank, Mercury Bank (Choice Financial) has confirmed there was never any refund received or processed from either Defendant and that the ACH refund confirmation was false.

21. Plaintiff has since issued several letters, emails, text messages, and demands to Defendants to return the funds made on Invoice #7614434 for the shipment that Plaintiff never received. Defendants have ignored all such correspondence, including those sent by legal counsel.

22. Under false pretenses, Defendants fraudulently induced Plaintiff to enter into an interstate commercial transaction and accepted payment from Plaintiff without the intention of ever complying with the agreement to deliver the Safety Switches to Plaintiff.

23. Thereafter, Defendants generated forged documents, including a forged Bill of Lading and a forged ACH refund confirmation, with the specific intent to defraud Plaintiff.

## COUNT I

## ACTUAL FRAUD / COMMERCIAL DECEIT

24. Defendants are each liable to Plaintiff for Actual Fraud and/or Commercial Deceit pursuant to 15 O.S. §58 of the Oklahoma Statutes.

25. Defendants, in promising to deliver the Safety Switches to Plaintiff in exchange for payment of Invoice #7614434, made one or more false material representations to Plaintiff in order to induce Plaintiff to send Defendants money by wire transfer.

26. The false material representations included that Defendants intended to ship and/or deliver the Safety Switches once payment of Invoice #7614434 was received from Plaintiff.

27. Defendants made positive assertions either known to be false, or made recklessly without knowledge of the truth, in promising to deliver the Safety Switches to Plaintiff.

28. Defendants made positive assertions either known to be false, or made recklessly without knowledge of the truth, about having shipped the Safety Switches to Plaintiff.

29. Defendants made positive assertions either known to be false, or made recklessly without knowledge of the truth, about processing a refund of the purchase money for the Safety Switches to Plaintiff.

30. Defendants made false material representations and positive assertions known to be false, or made recklessly without knowledge of the truth, with the intention that those material representations and positive assertions be acted upon by Plaintiff – that Plaintiff send them money through wire transfer.

31. Plaintiff relied upon the material representations and positive assertions of Defendants to its detriment including the loss of money, time, production, attorney fees, and court costs.

## COUNT II

## CONSTRUCTIVE FRAUD

32.     Defendants are each liable to Plaintiff for Constructive Fraud pursuant to 58 O.S. §59 of the Oklahoma Statutes.

33.     In Oklahoma, 15 O.S. §59 of the Oklahoma Statutes defines Constructive Fraud arising out of contract as "any breach of duty which, without actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him."

34.     Defendants, in accepting payment of Invoice #7614434, and then failing to ship or deliver the Safety Switches to Plaintiff breached their contractual duty to Plaintiff.

35.     After their breach of contract, Defendants then intentionally misled Plaintiff to his prejudice by forging a fraudulent Bill of Lading and a fraudulent ACH refund confirmation.

36.     The Constructive Fraud committed by Defendants has resulted in damages to Plaintiff, including the loss of money, time, production, attorney fees, and court costs.

## COUNT III

## BREACH OF CONTRACT

37.     Defendants are each liable to Plaintiff for breach of contract.

38.     Defendants agreed to supply Plaintiff with certain Safety Switches in exchange for the payment by wire transfer of Invoice #7614434.

39.     Plaintiff made the payment of Invoice #7614434 by wire transfer.

40.     Defendants failed to deliver the Safety Switches.

41.     The failure of Defendants to deliver the Safety Switches while keeping the payment of Invoice #7614434 constitutes a material breach of contract.

42.     The failure of Defendants to deliver the Safety Switches while keeping the payment of Invoice #7614434 has resulted in damages to Plaintiff, including loss of money, time, production, attorney fees, and court costs.

## COUNT IV

## DECEPTIVE TRADE PRACTICES

43.     Defendants are each liable to Plaintiff for Deceptive Trade Practices in violation of 78 O.S. §53 of the Oklahoma Statutes.

44.     The Oklahoma Deceptive Trade Practices Act prohibits, among other deceptive trade practices, knowingly making a false representation as to the characteristics of a good or service and advertising unavailable items.

45.     Defendants advertised the Safety Switches of a certain characteristic, quality, and price.

46.     Defendants primarily advertised the Safety Switches on the internet, including eBay, for commercial sale across state lines and including in the State of Oklahoma.

47.     Defendants accepted payment for the Safety Switches from Plaintiff without any apparent intention or ability to deliver the Safety Switches to Plaintiff.

48.     The Deceptive Trade Practices of Defendants resulted in damages to Plaintiff, including loss of money, time, production, attorney fees, and court costs.

## COUNT V

## UNJUST ENRICHMENT

49.     Defendants are each liable to Plaintiff for Unjust Enrichment under Oklahoma Law.

50.     In exchange for the promise of delivering certain Safety Switches, Defendants received payment by wire transfer of Invoice #7614434 at the expense of Plaintiff.

51.     Defendants failed thereafter to deliver the Safety Switches to Plaintiff.

52. Despite not delivering the Safety Switches to Plaintiff, Defendants kept the money Plaintiff paid to them by wire transfer of Invoice #7614434.

53. The retention of the payment of Invoice #7614434 by Defendants constitutes an Unjust Enrichment.

## COUNT VI

## PUNITIVE DAMAGES

54. Actual Fraud on the part of Defendants herein was made with reckless disregard, intention, or malice, and therefore Punitive Damages are warranted under 23 O.S. § 9.1 of the Oklahoma Statutes.

55. Constructive Fraud on the part of Defendants herein was made with reckless disregard and therefore Punitive Damages are warranted under 23 O.S. § 9.1 of the Oklahoma Statutes.

56. Deceptive Trade Practice on the part of Defendants herein was conducted with intent, willful disregard, recklessness, or malice, and therefore Punitive Damages are warranted under 23 O.S. § 9.1 and 78 O.S. § 88 of the Oklahoma Statutes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted in its favor and against Defendants, and Plaintiff prays that the Court grant and award actual damages, compensatory damages, and punitive damages, together with pre-judgment and post-judgment interest, attorney fees, court costs, and any other relief as may be found to be reasonable, equitable, appropriate, and just.

**RESPECTFULY SUBMITTED THE 7<u>th</u> DAY OF JANUARY, 2026.**

                                      **STONE LAW FIRM**

                                      <u>/s/ Michael C. Stone II</u>
                                      Michael C. Stone II, OBA #21834
                                      1800 Canyon Park Circle, Suite 304
                                      Edmond, OK 73013
                                      Tel: (405) 627-4381
                                      Email: michael@mcstonelaw.com
                                      ***Attorney for Plaintiff***

                                      **Jury Trial Demanded**
                                      **Attorney Lien Claimed**